IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLOW WALLACE**, | Case No. 3:20-cv-1189-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On February 9, 2021, the Court remanded this case for further proceedings, based on the stipulation of the parties. On May 20, 2021, the Court granted Plaintiff's stipulated application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,734.73.

Plaintiff's counsel now moves for attorney's fees of $16,787.80 pursuant to 42 U.S.C. § 406(b), less the amount previously awarded under EAJA, for a net § 406(b) attorney's fee award of $11,053.07. Plaintiff's retroactive benefits totaled $67,151. Accordingly, the requested § 406(b) attorney's fees represent approximately 25 percent of Plaintiff's retroactive benefits. Defendant does not object to the requested fees.

PAGE 1 – ORDER

**STANDARDS**

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of

hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its substantive analysis by reviewing the contingency fee agreement between Plaintiff and her counsel. ECF 28-2. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, the requested fee award is approximately 25 percent, the statutory maximum and the amount agreed upon in the fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings), the representation of Plaintiff was professional, and there was no delay attributable to Plaintiff's counsel. The fee award also will not result in a windfall to Plaintiff's counsel. Plaintiff's counsel worked 27.6 hours, and thus the effective hourly rate is approximately $608. The Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84). The Court finds that no downward adjustment is necessary in this case.

## CONCLUSION

The Court GRANTS Plaintiff's counsel's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b), ECF 28. Plaintiff's counsel is entitled to attorney's fees in the gross amount of $16,787.80. The Commissioner shall subtract the $5,734.73 counsel already received under EAJA, leaving $11,053.07 to be paid to Plaintiff's counsel. The Commissioner is directed

PAGE 3 – ORDER

to issue Plaintiff's attorney a § 406(b) check from the withheld benefits in the amount of $11,053.07, less any applicable administrative assessment as allowed by statute, to Chad Hatfield, 8131 W Klamath Ct, Ste D, Kennewick, WA 99336.

**IT IS SO ORDERED.**

DATED this 5th day of April, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER